**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ESTECH SYSTEMS IP, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** <br><br> Defendants. | § § § § § § § § § § § | Case No. 2:26-cv-00457-JRG-RSP |

**DISCOVERY ORDER**

Before the Court is the parties' Joint Motion for Entry of an Agreed Discovery Order. **Dkt. No. 17**. After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, the Motion is **GRANTED** and it is **ORDERED**:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

   (a) the correct names of the parties to the lawsuit;

   (b) the name, address, and telephone number of any potential parties;

   (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

   (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

a. **<u>Interrogatories</u>**: Each side[3] may serve 30 interrogatories.

b. **<u>Requests for Admission</u>**: Each side may serve 30 requests for admission.

i. In addition, an unlimited number of requests for admission may be served to establish the authenticity of documents such requests for admission shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitation stated above.

c. **<u>Depositions by Oral Examination</u>**: Unless otherwise agreed, the daily limit of seven (7) hours shall apply to all depositions, notwithstanding the provisions of Paragraph 5(c)(1)(i)(b).

i. **Limits on Fact Depositions (non expert)**:

1. Limits on Party and Non-Party Depositions: The parties agree that Fed. R. Civ. P. 30(b)(1) governs party fact depositions and that each side may take no more than 70 hours of fact depositions. The foregoing limits apply to depositions taken pursuant to Rules 30(b)(6) and/or 30(b)(1), regardless of the number of depositions noticed.

a. The parties further agree that depositions of custodians of business records for third parties may be conducted by written questions. Depositions on

[3] "Side" means a party or a group of parties with a common interest.

written questions will not be counted toward either side's 70 hours of fact deposition time.

b. If a fact witness requires use of an interpreter, then the total permissible deposition time for that witness will be multiplied by 1.5, and this additional time will not count against the 70-hour time limit in Paragraph 5(c)(i)(1)(c).

ii. **Limits on Expert Depositions**: Expert depositions shall be conducted in accordance with the Federal Rules of Civil Procedure except as set forth herein. Each side is entitled to depose any expert that has submitted a declaration or report in support of the other side for a maximum of seven (7) hours per report. If one technical expert witness's report addresses infringement or invalidity issues for more than one patent, then that expert may be deposed for an additional one (1) hour for each additional patent covered by their report(s), but in no case may a technical expert witness be deposed for more than 14 hours. The limitations in this sub-paragraph shall not apply to depositions of expert witnesses as part of claim construction discovery.

iii. **Deposition Locations and Manner**: Depositions may be taken in person or conducted virtually (e.g., via Zoom) at the election of the party taking the deposition, during regular business hours at the witness's location. The parties will negotiate in good faith regarding logistics for virtual depositions prior to

the commencement of depositions. In-person depositions of witnesses shall be taken in the city that is most convenient for the witness.

d. Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure

5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8.** **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9.** **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**10. No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**11. Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12. Proposed Stipulations by the Parties Regarding Discovery.**

(a) Limitation on Privilege Logging**:** The parties agree that, unless good cause is shown, the parties shall not be required to log privileged communications or work product protected materials that post-date the filing date of the Complaint (June 9, 2026).

(b) Electronic Service: The parties hereby consent in writing to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E), and shall make every effort to serve all documents electronically, either by email, FTP, or ECF, to the email addresses designated for service by each party. Each party shall ensure that any email they designate for service encompasses only counsel of record for a party and persons employed by counsel of record for a party. Outside counsel email distribution lists are presumed to include only counsel of record for a party and persons employed by counsel of record for a party. Counsel for Estech Systems IP designates the following electronic service addresses: estechcounsel@wsltrial.com. Counsel for Samsung designates the following electronic service addresses: CT-Samsung-EstechSystems@sheppard.com; melissa@gillamsmithlaw.com; Tom@gillamsmithlaw.com; travis@gillamsmithlaw.com; McKellar@gillamsmithlaw.com; diana@gillamsmithlaw.com.

(c) **Electronically Stored Information**: As needed, the parties will, in good faith, negotiate and seek to have entered an Order Governing Electronically Stored Information based on the Court's Model Order Regarding E-Discovery in Patent Cases.

(d) **Third-Party Discovery**: A party that receives documents from a third-party pursuant to a subpoena under Fed. R. Civ. P. 45 shall make reasonable effort to serve the same on all other parties within three (3) business days. The parties agree to consult with each other before scheduling any third-party deposition and to mutually agree on the date of the third-party deposition or otherwise provide at least five (5) business days' notice of the date and selected court reporting agency to allow for the coordination of remote depositions, including the logistics of soft copy exhibits. Where reproduction of documents or notice of a scheduled deposition within the time required by this paragraph is not possible, the party who received the documents or received notice that a third-party will appear for a deposition on a specified date will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

(e) **30(b)(6) Depositions**: At least five (5) calendar days prior to a deposition noticed under Fed. R. Civ. P. 30(b)(6), the organization to which the notice was directed shall identify by name and title the witness(es) that will provide testimony on its behalf as well as the topics on which each witness will testify, and whether the witness requires an interpreter. To the extent there is a change in the identity of the witness(es) or topics after such identification by the organization, the organization shall notify the noticing party as soon as reasonably practicable.

(f) **Inadvertent Disclosure of Privileged Materials**: A party's inadvertent production of materials covered by the attorney–client privilege, work-product protection, common interest privilege, or similar exemption from discoverability is not a waiver in the pending case or any other federal or state proceeding. For

example, the mere production of privileged or work-product protected documents in this case as part of a larger production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or work product protection over any produced materials after becoming aware of the production by notifying the receiving party of the assertion of privilege or protection in writing. For any document produced for which such notice is given, the producing party must promptly supply a privilege log supporting the claim of privilege with respect to the materials at issue, thereby enabling the receiving party to dispute the assertion of privilege or protection in accordance with Paragraph 6 above. In response to such notice, the receiving party shall promptly return and/or destroy the produced materials, and destroy any copies and/or work product created from such materials, within at most three (3) days.

(g) **Experts**:

a. Drafts of reports prepared by an expert who will give testimony or their assistants (collectively, "Testifying Expert"), as part of the Testifying Expert's investigation and/or in developing the Testifying Expert's opinions and reports, shall not be subject to discovery. This limitation applies regardless of whether such draft reports have been disclosed or otherwise transmitted to, or contain any notes, writing, or markings created by, in-house counsel or outside counsel, or employees of or consultants for the party or parties who engaged such Testifying Expert.

b. Notes, preparatory materials, outlines, and other documents prepared by or for a Testifying Expert as part of the investigation, in preparing an expert

report, and/or in preparing for the expert's deposition shall not be subject to discovery.

(h) **Translations**: The parties agree to provide a certified translation, prepared by a qualified and competent translator, for any foreign language document that a party intends to rely on. The parties also agree to provide a certified translation, prepared by a qualified and competent translator, for any foreign language document that it produces and to which a party has a certified translation in its possession, custody, or control. The certified translation shall be accompanied by a signed certification from the translator attesting that the translation is a true, accurate, and complete translation of the original foreign language document to the best of the translator's knowledge and ability.

**13. Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**SIGNED this 16th day of October, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE